38

## COOPERMAN v. GUARANTEE ABSTRACT CO. (No. 2).

Circuit Court, Pinellas County.

December 4, 1953.

Leonard W. Cooperman and Walter G. Ramseur, both of St. Petersburg, in propria personae and for other individual plaintiffs and St. Petersburg Bar Association.

E. Snow Martin of Bryant & Martin, Lakeland, for the Florida Bar.

Henry S. Baynard and Carroll R. Runyon, both of St. Petersburg, for the Guarantee Abstract Co.

William S. Fielding and Harold A. Kooman, both of St. Petersburg, for the West Coast Title Co.

W. H. Pope of Maguire, Voorhis & Wells, Orlando, for St. Petersburg Board of Realtors and Florida Association of Realtors.

VICTOR O. WEHLE, Circuit Judge.

Pursuant to the opinion of the court rendered May 15, 1953 this cause came on to be heard for the entry of a final decree, and it appearing that the plaintiffs' motion for a summary decree against the defendant Guarantee Abstract Co., a corporation, should be granted in part and denied in part, it is ordered, adjudged and decreed that—

1. The defendant Guarantee Abstract Co. and its officers, agents and employees (hereinafter sometimes collectively referred to as "the defendant" or "the defendant and its agents") are perpetually enjoined and restrained from preparing legal instruments and from filling in the blank spaces in printed forms of legal instruments, including specifically deeds of all types, mortgages, liens, leases, assignments, promissory notes, releases, satisfactions, affidavits, and all other types and kinds of legal instruments whatsoever for any person or corporation other than itself; *provided*, however, that the defendant, in connection with any transaction in which it as agent for an insurer is issuing a policy of insurance on any stated interest in real property may fill in the blank spaces in printed forms of deeds, promissory notes, mortgages, and assignments and satisfactions of mortgages, by inserting in such spaces the following information—(a) dates, (b) amounts, (c) names of parties and, in a deed to two or more grantees, whether they take title as joint tenants or as tenants in common, (d) descriptions of real property, (e) in mortgages, a clause reciting that a mortgage is subject to a specified prior mortgage, (f) in deeds, clauses reciting that the conveyance is subject to easements and restrictions of record, with reference to the place of record of the instrument creating the easement or restriction, and clauses reciting that the

conveyance is subject to specified tax and mortgage liens, with a clause by which the grantee assumes payment of a specified mortgage; *provided further,* however, that the printed forms of legal instruments which the defendant is hearby authorized to use shall include only those forms now or hereafter prescribed by statute, or commonly used by the legal profession, or prepared or approved by counsel for one or more of the parties to the instrument.

2. The defendant is perpetually enjoined and restrained from acting as escrow agent in transactions involving the sale of real property or the placing of a mortgage loan thereon; *provided,* however, that it may act as escrow agent and may close transactions involving the sale or other disposition of real property or the placing of a mortgage loan thereon in any case in which as part of the transaction and as agent for an insurer it is issuing a policy of insurance on any stated interest in real property, and it may act as agent in simple escrows when completely executed instruments are deposited with it as escrow agent to be delivered upon the payment of specified sums of money or upon the written instructions of the parties or their attorneys—but in cases involving simple escrows where it as agent for an insurer is not issuing a title insurance policy upon the real property or a policy insuring a mortgage, it may not prepare any of the instruments involved or pass upon their legal sufficiency or render any opinion as to the rights of the parties involved in or arising from the transaction.

3. The defendant and its agents are perpetually enjoined and restrained from giving any legal advice or rendering any opinion as to the legal rights of the parties to any transaction involving real property; *provided,* however, that they may determine by the examination of abstracts of title to real estate, the public records or any other records, or from any other source, whether as agent for an insurer the corporation will issue a policy of insurance on any stated interest in the real property which is the subject of the transaction.

4. The defendant and its agents may in closing mortgage loans which are insured by the Federal Housing Administration or guaranteed by the Veterans Administration fill in the blanks in simple forms such as those filed in evidence in this case, printed and required by the federal agencies as a condition precedent to the insurance or guaranty of such loans.

5. The defendant may in any case in which it is permitted by this decree to close a real estate transaction, whether sale, mortgage loan or otherwise, prepare and furnish to the interested parties a

statement of its receipts or disbursements in connection with the transaction, including the pro-rating of such items as current taxes, hazard insurance premiums, mortgage interest and rents.

Except as hereinabove set forth, the relief sought in plaintiffs' complaint against the defendant and the motion for summary decree against it, are denied.

———————

This cause came on further to be heard on the motion for summary decree filed by plaintiffs and a similar motion filed by the intervenors, Florida Association of Realtors, St. Petersburg Board of Realtors and a group of individual real estate brokers, and upon the pleadings and affidavits filed herein, and the court being sufficiently advised in the premises, it is further ordered, adjudged and decreed that said motions be and the same are granted, and the law, rights and liabilities of the parties in respect to the issues raised in the complaint and answers are declared to be as follows—

Excluding transactions in which real estate brokers are interested parties, and those in which they are members of the Florida Bar, a real estate broker, if acting as a real estate broker in a transaction, is declared to be governed therein by the following rules, with the additional proviso that he shall not charge or collect any fee, compensation or consideration from any party to the transaction, except the commission as a real estate broker contemplated by the parties, that is to say—

1. A real estate broker may draw the original sales memorandum or contract of sale.

2. A real estate broker may prepare deeds, purchase money mortgages, mortgage notes, loan mortgages and leases; *provided,* however, that standard recognized blank forms for such instruments are used and the broker in completing such forms inserts in them only such clerical details as the dates, amounts, names of parties, latest tax year liability and description of the property involved.

3. Where the circumstances require the stating of further or more complicated details, conditions or terms, an attorney should prepare or supervise the preparation of such instruments, and in such cases a broker must not prepare such instruments except in deals where he is a party in interest.

4. It is the duty of a real estate broker to advise a prospective purchaser to consult an attorney as to the merchantability of the title or to obtain title insurance, and he is prohibited from expressing opinions upon the title to real estate.

It is further ordered, adjudged and decreed that it is declared that real estate brokers who are not parties in interest or members of the Florida Bar are prohibited by law from including in the instruments they are authorized to prepare the following matters or provisions—

1. Mortgage assumption clauses. 2. Provision for taking subject to mortgage clauses or assuming mortgages. 3. Subject to restrictions. 4. Subject to easements and rights of way. 5. Terms creating easements. 6. Terms creating restrictions. 7. Reservations of riparian rights or rights of reliction or accretion. 8. Terms creating estates in real property in two or more persons who are not husbands and wives and providing for right of suvivorship. 9. Terms creating or reserving life estates, present or future, in real property. 10. Terms creating a remainder or any future interest or estate in real property. 11. Terms assuming a lien other than a mortgage. 12. Provisions for limiting the operation of claims of general warranty beyond those set forth above. 13. Acceleration clauses in a mortgage, unless contained in a form. 14. Provisions for the payment of attorney's fees and other costs of collection, unless contained in a form. 15. Provisions in notes to be payable out of a special fund. 16. Provisions in a mortgage subordinating it to a prior mortgage, lien or claim. 17. Provisions in long form mortgages for the appointment of a receiver, or relating to the effect of inadequacy of the receiver, insolvency of the debtor and the like, unless contained in a form. 18. Provisions for the extension or renewal of leases, unless contained in a form. 19. Provisions relating to fires and other extraordinary clauses in leases, including agreements not to assign or sublet, unless contained in a form.

It is further ordered, adjudged and decreed that it is declared that real estate brokers who are not parties in interest or members of the Florida Bar are prohibited by law from drawing the following instruments—

1. Conveyances by executors, administrators, trustees and receivers. 2. Conveyances in execution of powers of appointment or powers of sale however given. 3. Installment notes, where security is other than a mortgage. 4. Affidavits to comply with the bulk sales law.

It is further ordered, adjudged and decreed that a real estate broker *may* draft the following instruments or provisions in cases where he is acting as a broker, or is a member of the Florida Bar—

1. Descriptions of submerged lands. 2. Descriptions of parts of lots or acreage. 3. Assumption of tax liens back of latest tax year liability. 4. Conveyances by corporations. 5. Conveyances of title

acquired by tax deeds or through other tax proceedings, and the choice of whether to use warranty deeds, quit claim deeds, or fee simple deeds. 6. Mortgage or note containing an acceleration clause, in forms. 7. Provisions in note for payment of attorney's fees and other costs of collection, if contained in a form. 8. Notes payable in installments not secured by collateral other than a mortgage. 9. Mortgage containing special provisions for receivers, or providing for the effect of inadequacy of security, or insolvency of the debtor, or the like, where such special provisions are contained in a form. 10. Leases containing special provisions relating to fire or other extraordinary clauses, including agreements not to assign or sublet, where such provisions are contained in a form. 11. Preliminary agreements to lend money and receive as security a mortgage on real or personal property. 12. Mortgages and notes to consummate a transaction involving an agreement to make a mortgage without a sale of the property involved. 13. Preliminary agreements to sell personal property or a business. 14. Purchase money chattel mortgages and notes involved in the sale of personal property of businesses. 15. Filling in blanks in forms, as follows— (a) satisfactions of mortgages, (b) partial releases of mortgages or other liens, (c) satisfactions of mechanic's or materialman's liens, (d) affidavits of contractors in new construction required before final payment to the contractor is made, (e) assignments of leases, (f) subletting agreements, (g) assignments of mortgages and other liens, (h) affidavits of an owner that all work done or materials furnished have been paid for, (i) assignments of notes or any kind of special endorsements thereon.

*Provided,* however, that the mention of any instrument or transaction in the foregoing numbered specific items is not exclusive either as permissive or prohibitory of acts of real estate brokers— but in all other cases the first four numbered paragraphs relating to the intervenors shall govern the rights and liabilities of real estate brokers.

*Provided,* further, that none of the foregoing instruments, whether classed as permitted or prohibited, may lawfully be drawn, or blanks filled in on forms, by any real estate broker who is not an actual party in interest, or engaged in the performance of services as a real estate broker, unless he is a member of the Florida Bar.

*Provided,* further, that a real estate broker who is not a member of the bar is prohibited by law from giving legal advice including but not limited to the legal effect of homesteads, restrictions, easements, riparian rights, or concerning the quality or quantity of legal or equitable estates in real property, or the interpretation, meaning, scope or effect of commitments for title insurance.

44

It is further ordered, adjudged and decreed that wherever the word "form" appears herein in respect to the rights of real estate, brokers, it refers to printed forms that were in general use when this suit was commenced, and such other forms as may be prepared for general use by members of the Florida Bar, which latter forms shall be subject to review by the courts as to their adequacy and compliance with this decree; and it is further determined that a real estate broker may draw any of the instruments, terms or provisions herein mentioned, if the same are submitted to, and approved by, a member of the Florida Bar, upon a full disclosure of the transaction, before the same is presented to the parties for execution, and brokers are prohibited from altering said instruments, terms or provisions, without the approval of said attorneys and the parties thereto, or again using such a special form in another transaction without again obtaining the approval of a member of the Florida Bar, with a full disclosure of the new transaction.